**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JASON BLAKE SHOEMAKE,

      Petitioner-Appellant,

v.

RON WARD,

      Respondent-Appellee.

No. 05-7043

(E.D. of Okla.)

(D.C. No. CV-02-267-P)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**     *

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges.   **

      Petitioner-Appellant Jason Blake Shoemake, a state prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We agree with the district court that the COA should not issue because Shoemake has not made a

---

     *  This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

     **  After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

substantial showing of the denial of a constitutional right.  Accordingly, we DENY the COA and DISMISS the appeal.

## BACKGROUND

In 1999 Shoemake was convicted in an Oklahoma court for a drug crime. He appealed that conviction and sought other post-conviction relief through the Oklahoma state system.  Unable to find relief through these venues, he sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 from the United States District Court for the Eastern District of Oklahoma.

In his federal petition, Shoemake claimed his constitutional rights had been violated (1) by the trial court's instruction to the jury to enhance his sentence based on an inapplicable recidivism enhancement, and (2) by ineffective trial and appellate counsel who failed to challenge this enhancement.  The petition was denied in a well-reasoned order by the magistrate judge, and that order was adopted by the district court.  In short, the lower courts agreed that Shoemake had procedurally defaulted on his first two claims and that the ruling by the Oklahoma Court of Criminal Appeals on the final claim was based on clearly established federal law.  Shoemake raises the same issues on appeal to this court.

## ANALYSIS

A circuit court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). Where a district court "has rejected the constitutional claims on the merits," an applicant meets this standard by "demonstrat[ing] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). If a district court does not reach the merits because the claim was procedurally defaulted, the appellant seeking a COA must also demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. In either case, the COA analysis "requires an overview of the claims in the habeas petition and a general assessment of their merits" rather than "full consideration of the factual or legal bases adduced in support of the claims." *Miller-El*, 537 U.S. at 336.

Here, reasonable jurists would not find the district court's assessment of Shoemake's claims or its procedural rulings debatable or wrong. After carefully considering the record and Shoemake's arguments, we conclude he has failed to make a sufficient showing that he is entitled to a COA on any of his claims for the same reasons set forth by the magistrate judge and adopted by the district court. As to the first claim, it is not debatable that Shoemake failed to raise his sentence enhancement argument on direct appeal of his conviction and sentencing. Any claim he could have raised on direct appeal but failed to raise

-3-

would be procedurally barred absent a showing that the errors "worked to his *actual* and substantial disadvantage, infecting his entire [proceedings] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982). He has made no such showing. As to the second claim, reasonable jurists would not debate whether the analysis by the Oklahoma courts was "contrary to . . . clearly established Federal law," as established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See* 28 U.S.C. § 2254(d)(1).

## CONCLUSION

Accordingly, we DENY Shoemake's application for a COA and DISMISS this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge